UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, | ) C/A No. 5:14-743-MGL-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| | ) |
| Warden Stevenson; | ) |
| Warden Bush; | ) |
| Major Washington; | ) |
| Lt. Rezendes; | ) |
| Sgt. Davenport, and | ) |
| CO Gerity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed pro se by a local detention center inmate regarding allegations concerning his incarceration at Broad River Correctional Institution ("BRCI"). Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Andrew Marshall McElrath ("Plaintiff"), currently confined at Anderson County Detention Center, complains about a hand injury that he received on March 8, 2013, while incarcerated at BRCI. Plaintiff alleges that Defendant Gerity closed a steel door in his hand, resulting in serious injury to the hand. Compl. 3, ECF No. 1. Although Plaintiff's caption lists several other Defendants, the body of his Complaint contains allegations against Gerity only. *Id.* He seeks compensatory

damages. *Id*. at 4.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal without service of process because it fails to state a claim which this court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff's allegations do not show that Defendant Gerity's actions in closing the door on his hand were done deliberately, intentionally, or with knowledge that Plaintiff's hand would be seriously injured if he closed the door. As a result, the allegations are insufficient to state a plausible federal constitutional claim under the Eighth Amendment to the United States Constitution's "cruel and unusual punishment" clause. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (a plausible conditions-of-confinement claim must show (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference."); *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (same). As the *Farmer* Court stated, "deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835. It requires that a prison official actually know of and disregard an objectively serious risk of harm. *Id*. at 837; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995).

Plaintiff allegations concerning the personal injury he sustained to his hand while at BRCI are only sufficient to state a plausible state-law based tort claim arising from alleged negligence of Defendant Gerity. *See, e.g.*, *Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000) (negligence); *Howard v. S. C. Dept. of Highways*, 538 S.E.2d 291 (S.C. App. 2000) (property loss and damage by negligence is recoverable). Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S.

3

189, 200-03 (1989). Although this court could consider a negligence action with $75,000.00 in controversy between citizens of different states under its diversity jurisdiction, *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), all of the parties named in the Complaint in this case appear to be citizens of South Carolina, so no basis is shown for this court to exercise its diversity jurisdiction in this case.

Plaintiff's personal injury claims against Defendants, who are employees or officials of the South Carolina Department of Corrections, for their parts, if any, in the door closing on Plaintiff's hand are cognizable under the South Carolina Tort Claims Act ("SCTCA"). S.C. Code Ann § § 15-78-10 through 15-78-220. The SCTCA encompasses a loss from physical injury arising from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. For Plaintiff's information, he should be aware that a SCTCA claimant is required to file an administrative claim with the agency, political subdivision, or the State Budget and Control Board before seeking judicial relief in state court. S.C. Code § 15-78-80. Additionally, there are different limitations periods for "verified" claims and non-verified claims under the SCTCA.

## RECOMMENDATION

Accordingly, because Plaintiff's Complaint fails to state a plausible federal claim against any Defendant, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

4

April 4, 2014                                                   Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).