UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath<br><br>                Plaintiff,<br>vs.<br><br>Warden Stevenson; Warden Bush; Major Washington; Lt. Rezendes; Sgt. Davenport, and CO Gerity,<br><br>                Defendants. | Civil Action No.: 5:14-cv-00743-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the April 4, 2014 Report and Recommendation ("Report") (ECF No. 12) of Magistrate Judge Kaymani D. West recommending that the plaintiff's complaint be summarily dismissed without prejudice. The Court initially adopted the Report, but granted the plaintiff's motion to reconsider on June 29, 2015 (ECF No. 45). Upon conducting a *de novo* review of the Report, the record in this case, and the plaintiff's objections, the Court declines to adopt the Report and will allow the plaintiff to proceed with this action.[1]

The plaintiff, Andrew Marshall McElrath, filed a very brief complaint on March 6, 2014, alleging that the defendant, CO Gerity, crushed McElrath's hand in a steel door leaving him paralyzed in his right hand. The complaint does not indicate either way whether the defendants acted intentionally in injuring the plaintiff; however, in response

---

[1] The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.*

to a question on the form complaint, "What are the issues that you are attempting to litigate in the above-captioned case?" the plaintiff responded, "[a] hand injury, wrecklessness [sic], carelessness". The Magistrate Judge understandably construed the plaintiff's complaint as an action for negligence, and correctly observed that "deliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." (ECF No. 12 at 3 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).)

In his objections, the plaintiff alleges that he "will show through discovery that all listed defendants actions were done deliberately an[d] intentionally and with the knowledge that plaintiffs had or would have been seriously injured by any steel door being closed on a human hand." (ECF No. 14 at 1.) Out of an abundance of caution, and in light of the plaintiff's *pro se* status, the Court will construe the plaintiff's objection as an amendment to his complaint. *See Stevenson v. Metts*, 2010 WL 3257754, at *1 (D.S.C. Aug. 16, 2010). The Court cautions the plaintiff, however, that the Magistrate Judge has correctly summarized and applied the law and that should he establish mere negligence, this action will be dismissed. Accordingly, the Court declines to adopt the Report and will allow the plaintiff to proceed with this action. This matter is remanded to Magistrate Judge West for further proceedings.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 1, 2015
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5:14-cv-00743-BHH     Date Filed 07/01/15     Entry Number 47     Page 3 of 3